310                June 3, 2026                No. 497

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. L., aka A. E. L.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

Z. C.,
*Appellant.*

Umatilla County Circuit Court
21JU03960; A188751 (Control)

In the Matter of R. L.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

Z. C.,
*Appellant.*

Umatilla County Circuit Court
21JU03961; A188752

In the Matter of A. R.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

Z. C.,
*Appellant.*

Umatilla County Circuit Court
21JU03962; A188753

Eva J. Temple, Judge. (August 7, 2025 Order)

Robert W. Collins, Jr., Judge. (August 12, 2025 Orders)

Submitted April 22, 2026.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Mother appeals from the juvenile court's denial of her motion to dismiss jurisdiction and terminate wardship over her three children. The juvenile court took jurisdiction over the children after mother admitted to allegations that her substance abuse and mental health problems interfered with her ability to safely parent her children. The juvenile court denied mother's motion to dismiss, concluding that mother had not ameliorated those conditions that caused the children to be in the court's jurisdiction. We affirm.

In reviewing an order denying a parent's motion to dismiss jurisdiction and terminate wardship over a child, we "assume the correctness of the juvenile court's explicit findings of historical fact if there is any evidence in the record to support them" and consider "whether those findings, including nonspeculative inferences consistent with the findings, are legally sufficient to support its ruling." *T. W. v. C. L. K.*, 310 Or App 80, 82-83, 483 P3d 1237, *rev den*, 368 Or 515 (2021). "[A] parent seeking dismissal of dependency jurisdiction must prove that the bases for jurisdiction no longer pose a current threat of loss or harm to the child that is reasonably likely to be realized, thereby overcoming the presumption created by the permanency plan that the child cannot return safely to parents." *Dept. of Human Services v. T. L.*, 279 Or App 673, 690, 379 P3d 741 (2016).

After reviewing the record, we conclude that the evidence is legally sufficient to support the juvenile court's ruling that mother did not meet her burden to prove that the existing bases for jurisdiction had been ameliorated. The court credited and adopted Oregon Department of Human Services's "facts and arguments." In particular, the court observed that there had been a "very long history of domestic violence, *** drug and alcohol and marijuana use, substance abuse" between mother and father. The court found that mother continued to engage in substance abuse and that she had not resolved her mental health issues.

The evidence supports the court's conclusion that mother has not sufficiently addressed her mental health issues. When the trial court established jurisdiction in

2021, mother admitted that her mental health issues interfered with her ability to parent the children safely, and in 2023, she was discharged from therapy after failing to participate. At the hearing on the motion to dismiss, mother testified that she has not engaged in mental health counseling outside of narcotics anonymous meetings since that discharge in 2023. She suffers from anxiety and depression, and mother's caseworker at the time of the hearing testified that mother told her she uses marijuana to self-medicate. At least one of mother's prior caseworkers testified that mother's mental health issues are exacerbated by her unhealthy relationship with father, with whom she continues to reside.

Additionally, the evidence supports the court's conclusion that mother has not sufficiently addressed her substance abuse issues. Mother has a history of amphetamine use disorder but as of January 2024 was diagnosed as being in early remission. However, a caseworker testified that father regularly uses methamphetamine in the home in which he and mother (and a younger child) live, and father was found to be in possession of controlled substances shortly before the hearing. Mother also has a diagnosis of cannabis dependency, and at the time of her diagnosis she declined to stop using that drug and did not engage in treatment. She continues to regularly use marijuana and consistently tested positive for the substance up to the time of the hearing on the motion to dismiss. In light of that evidence, the juvenile court correctly concluded that mother had not carried her burden to demonstrate that she had ameliorated the conditions that caused the children to come within the jurisdiction of the juvenile court.

Affirmed.